REISSUED FOR PUBLICATION

SEP 2 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: July 23, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| TODD BOYLAN, *as parent and next* | * | No. 17-402V |
| *friend of* L.K.B*., a minor,* | * | |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Show Cause Order; |
| AND HUMAN SERVICES, | * | Failure to Prosecute |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

Todd Boylan, *pro se*, Capistrano Beach, CA, for Petitioner.
Colleen C. Hartley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On March 21, 2017, Todd Boylan ("Petitioner") filed a petition through counsel for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that his child, L.K.B., suffered complex-partial seizure disorder and mental developmental delay as a result of a Hepatitis B vaccination administered on March 26, 2014. Pet. at 1, ECF No. 1.

On August 14, 2019, I ordered Petitioner to submit an expert report by October 15, 2019, if the parties did not choose to explore settlement. ECF No. 51. Rather than file his expert report by this deadline, Petitioner filed a motion for extension of time on October 14, 2019. ECF No. 52. I granted Petitioner's motion and directed him to file his expert report by November 15, 2019. Scheduling Order, docketed Oct. 15, 2019. Petitioner missed his November 15, 2019 deadline and instead filed a status report on November 18, 2019. ECF No. 53. In his status report, Petitioner requested an additional seven days "to file a status report detailing one of three courses of action

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.
[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

going forward[.]" *Id.* at 1. Petitioner stated that these three courses of action were "[a] filing of a [m]otion to [e]xtend the filing deadlines to obtain an expert witness[,] [t]he filing of a status report stating that [Petitionr's c]ounsel will be withdrawing from this [p]etition, or [a] [m]otion for [v]oluntary [d]ismissal of [p]etition." *Id.* I directed Petitioner to file a status report indicating how he wished to proceed by November 25, 2019. Scheduling Order, docketed Nov. 18, 2019.

Petitioner missed his November 25, 2019 deadline but filed a status report on December 4, 2019. ECF No. 54. Petitioner stated that he "is unable at this time to submit an expert report in support of causation. Counsel intends to withdraw as counsel of record." *Id.* at 1. Petitioner continued that "[he] wishes to proceed in this case, by seeking other representation or in the alternative acting [*pro se*]." *Id.* I ordered Petitioner to submit an affidavit of withdrawal by January 21, 2020. Scheduling Order, docketed Dec. 4, 2019. Petitioner initially emailed his affidavit on December 4, 2019, but filed it on January 21, 2020. Informal Comm., docketed Dec. 4, 2020; ECF No. 55. In his affidavit, Petitioner affirmed that he had reviewed all materials filed in the record, reviewed and understood all orders issued by the Court, was aware of all current deadlines in this case, and was aware that he would be proceeding *pro se* until the appearance of counsel and would be responsible for meeting all deadlines. ECF No. 55. Petitioner filed a motion to withdraw as attorney on June 25, 2020, and indicated that he wished to proceed *pro se*. ECF No. 56 at 1.

I held a status conference with the parties on September 3, 2020, to discuss how the case would proceed after Petitioner's counsel withdrew. Min. Entry, docketed Sept. 3, 2020; Order at 1, ECF No. 57. Following the status conference, I granted Petitioner's motion and allowed his counsel to withdraw. ECF No. 57 at 1.

On October 9, 2020, I ordered Petitioner to submit his expert report by January 6, 2021. ECF No. 61 at 1. I stated that "[a]ny extensions of time for this report should be accompanied with specific reasons why the extension is necessary." *Id.* I noted that "[i]n this case, Petitioner has received several extensions of time to submit medical records, has not complied with my order to file an expert report, and has not filed an electronic consent form." *Id.* at 4. I warned Petitioner that "considering the numerous delays and extensions already awarded in this case, . . . future failure to comply with court orders will be grounds for dismissal." *Id.*

Petitioner missed his January 6, 2021 deadline. My chambers emailed Petitioner regarding his missed deadline on January 13, January 25, and February 10, 2021. *See* Informal Comm., docketed Feb. 25, 2021. Petitioner indicated via email on February 10, 2021 that he was still trying to locate an expert. *See id.* On February 25, 2021, my chambers replied to Petitioner's email, directing him to file a motion for extension of time indicating how much time he believes he would need to submit his expert report. *See id.* After Petitioner did not submit his motion, my chambers sent a follow-up email on March 19, 2021. *See* Informal Comm., docketed Mar. 19, 2021. Petitioner did not respond.

On April 15, 2021, I ordered Petitioner to file an expert report by April 30, 2021. ECF No. 64 at 2. I noted that by April 15, 2021, Petitioner had already had 610 days to file an expert report, including 188 days since I renewed the order and warned Petitioner that failure to comply with my orders may result in dismissal of his claim. *Id.* I informed Petitioner that failure to submit an expert report by April 30, 2021, would result in the issuance of an order to show case. *Id.*

Petitioner missed his April 30, 2021 deadline. On May 26, 2021, I issued an order to show cause. ECF No. 65. I noted that Petitioner had not provided any communication since missing his April 30, 2021 deadline and had had 651 days to file his expert report, including 230 days since I renewed my order and warned Petitioner that failure to comply could result in dismissal of his case. *Id.* at 2. I ordered Petitioner to show cause why his case should not be dismissed for failure to prosecute by filing an expert report by June 25, 2021. *Id.* I stated that "[f]ailure to file an expert report by . . . June 25, 2021, [would] be interpreted as a failure to prosecute this claim[]" and that "I [would] dismiss his petition." *Id.* Petitioner missed his June 25, 2021 deadline and has not communicated any further with my chambers.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had 709 days to submit an expert report, including 287 days since I reordered Petitioner to file his report. Petitioner has also had 58 days to respond to my show cause order. Furthermore, he has not responded to inquiries from my chambers, or provided any communication, in 163 days, since February 10, 2021. Petitioner's continued failure to submit an expert report, to submit a response to the Court's order, and to communicate with my chambers indicates a disinterest in pursuing his claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master